IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mark Ross, | ) | Case No. 3:26-cv-02119-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Pedro Martinez-Lopez; AAR of North | ) | |
| Carolina, Inc.; Brothers CC | ) | |
| Construction LLC; United Rentals, | ) | |
| Inc.; Scout Motors Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court following a Text Order to Show Cause why the Court should not remand the action to state court. [Doc. 6.] Having reviewed the applicable filings and case law, the Court concludes it does not have subject matter jurisdiction over this action and, therefore, the case is remanded to the Richland County Court of Common Pleas.

**BACKGROUND**

Plaintiff filed this case in the Richland County Court of Common Pleas on April 16, 2026, bringing claims for negligence; negligent entrustment; and negligent hiring, training, and supervision arising out of a motor vehicle incident. [Doc. 1-1.] Plaintiff alleges he "suffered conscious pain and suffering, physical harm and injury, lost wages, property damage, and other damages." [*Id.* at 8 ¶ 35; *see also id.* at 5 ¶ 16 (alleging "Plaintiff . . . suffered significant bodily injuries and body trauma requiring medical treatment, mental and emotional distress, pain and suffering, financial strain, and other damages").] He

seeks actual, consequential, incidental, and punitive damages; costs; and "such other and further relief as may be deemed appropriate" in unspecified amounts. [*Id.* at 10.]

Defendant United Rentals, Inc. ("United Rentals") removed the action to this Court on the basis of diversity jurisdiction. [Doc. 1.] In support of removal, United Rentals states that the matter is between citizens of different states and the amount in controversy exceeds $75,000. [*Id.* at 2.] As to the purported complete diversity of the parties, United Rentals states that "Plaintiff is a citizen of South Carolina; Lopez, AAR and Brothers are citizens of North Carolina; Scout is a citizen of Delaware and Virginia; and United Rentals is a citizen of Delaware and Connecticut." [*Id.* at 4.] United Rentals also states that the amount in controversy exceeds $75,000.00 because Plaintiff prayed for punitive damages in addition to actual, consequential, and incidental damages. [*Id.* at 4–5.]

On June 2, 2026, the Court issued a Text Order to Show Cause why the Court should not remand this action to the state court based on lack of subject-matter jurisdiction because the amount in controversy does not appear to exceed the jurisdictional threshold.[*] [Doc. 6.] On June 16, 2026, United Rentals filed a response to the Text Order to Show Cause. [Doc. 8.]

**APPLICABLE LAW**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States

---

[*] The Fourth Circuit Court of Appeals has explained that, in a removed case, a "district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

2

have original jurisdiction." 28 U.S.C. § 1441(a). Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.*

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith." *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Nevertheless, "the amount in controversy requirement cannot be based on speculation as to what may occur." *Davenport v. State Farm Fire & Cas. Co.*, No. 6:24-cv-04330-JDA, 2024 WL 4453651, at *2 (D.S.C. Sept. 9, 2024) (internal quotation marks omitted). Indeed, a defendant must demonstrate that the amount in controversy is satisfied "when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin*, 574 U.S. at 89. "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show . . . what the stakes of litigation . . . are given

3

the plaintiff's actual demands." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (alterations in original) (internal quotation marks omitted).

It is true that "claims for punitive damages must be included in the calculation of the amount in controversy." *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) (internal quotation marks omitted). However, "courts in this district have established that the mere existence of a claim for punitive damages will not establish to a legal certainty or reasonable probability that the amount in controversy exceeds $75,000." *SNB Props. v. CMH Homes, Inc.*, No. 1:22-cv-02158-SAL, 2022 WL 17976781, at *3 (D.S.C. Dec. 28, 2022) (internal quotation marks omitted) (collecting cases).

## DISCUSSION

Plaintiff's Complaint does not specify the amount of damages sought.  [*See generally* Doc. 1-1.]  That said, counsel for United Rentals represents that, in a telephone conference, "[c]ounsel for [Plaintiff] advised that Plaintiff was set to undergo a surgical procedure and medical bills to date totaled approximately $87,000."  [Doc. 8 at 5 n.1.]

"If a complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Francis v. Allstate Ins.*, 709 F.3d 362, 367 (4th Cir. 2013) (cleaned up).  Here, United Rentals has failed to meet that burden.  Although United Rentals references discussions with opposing counsel concerning Plaintiff's medical bills to date [*see* Doc. 8 at 5 & n.1], United Rentals has not provided the Court with any *evidence* of those bills.  Accordingly, the Court concludes that it does not possess subject matter jurisdiction over the claims in this action and, thus, remands the case to state court.  *See*

4

*Faraj v. Gerrie Gresham Ins. & Fin. Servs.*, No. 3:25-4382-MGL-SVH, 2026 WL 699716 (D.S.C. Mar. 12, 2026) (remanding the case to state court where the parties failed to provide any evidence to the court regarding the amount in controversy); *Konst v. State Farm Fire & Cas. Co.*, No. 0:26-cv-01284-JDA, 2026 WL 1382979 (D.S.C. May 18, 2026) (concluding that the defendant failed to provide the court with sufficient evidence that the amount in controversy exceeded $75,000 where the defendant represented that, *based solely on discussions with opposing counsel*, the estimate for repair work at the plaintiffs' property was approximately $40,000, in addition to claims for treble damages, punitive damages, and/or attorneys' fees); *cf. Busbee v. Clark*, No. 8:19-cv-1190-TMC-JDA, 2019 WL 3777640, at *7–8 (D.S.C. May 15, 2019) (concluding that the defendant failed to meet her burden of showing that the amount in controversy was satisfied where the only evidence proffered was a statement by the plaintiff during settlement discussions of what she expected to recover if the case proceeded to a jury trial), *Report and Recommendation adopted by* 2019 WL 4051690 (D.S.C. Aug. 28, 2019).

## <u>CONCLUSION</u>

Based on the foregoing, this action is REMANDED to the Richland County Court of Common Pleas.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

July 8, 2026
Columbia, South Carolina